**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4645**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

SYLVESTER D. JONES, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (4:06-cr-00036-F-2)

Submitted:  August 27, 2009       Decided:  September 11, 2009

Before MICHAEL, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvester D. Jones, Jr., was charged in 2007 with: (1) attempting to kill a witness, by discharging a firearm with the intent to prevent said witness from testifying in an official proceeding ("Count Six"); (2) attempting to kill a witness, by discharging a firearm with the intent to prevent the witness from communicating to a federal judge information relating to the commission of federal offenses ("Count Seven"); (3) knowingly using physical force against a person with the intention of preventing their testimony in an official proceeding, all in violation of 18 U.S.C. §§ 1512(a)(1)(A) and (2) (2006) ("Count Eight"); and (4) use of a firearm during and in relation to crimes of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2) ("Count Nine").

Jones initially pled not guilty to all charges and proceeded to a jury trial. During the second day of the trial, Jones decided to plead guilty to Count Nine, and the Government agreed to dismiss Counts Six, Seven, and Eight pursuant to a plea agreement. Pursuant to § 924(c) and the advisory sentencing guidelines, Jones faced a guidelines sentence of ten years' imprisonment.

The Government filed a motion for upward departure based upon: (1) physical injury, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5K2.2; (2) extreme psychological

2

injury, pursuant to USSG § 5K2.3; (3) criminal purpose, pursuant to USSG § 5K2.9; and (4) dismissed and uncharged conduct, pursuant to USSG § 5K2.21. The Government sought a sentence of 255 months' imprisonment. The district court granted the motion for upward departure, found that the facts of the case justified a greater departure than the Government requested, and sentenced Jones to 300 months' imprisonment. The court found that the following factors were not taken into adequate consideration by the guidelines: (1) the intentionally inflicted, severe physical injuries suffered by one of Jones's victims; (2) the damage to the victims' personal property; (3) the criminal purpose of concealing the commission of another offense or retribution against a potential witness that was behind Jones's actions; (4) the premeditated nature of the crime; (5) the fact that the crime was carried out for money; (6) the dismissal of Counts Six, Seven, and Eight pursuant to the plea agreement; and (7) Jones's reckless endangerment of others and obstruction of justice during his flight from the crime scene. The court found that the guidelines sentence of 120 months did not adequately take into consideration the extent and seriousness of Jones's conduct.

Jones's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his view, there are no meritorious issues for appeal. Counsel,

3

however, asks this court to review the validity of Jones's guilty plea, the reasonableness of his sentence, and whether ineffective assistance of counsel appears conclusively on the face of the record. Jones filed a pro se supplemental brief in which he argues that the district court erred in granting the Government's motion for upward departure, as well as conclusory arguments regarding his conviction. The Government has not filed a brief.

Under Rule 11(b)(1), the district court must address the defendant in open court and inform him of the following: the nature of the charge; any mandatory minimum sentence and the maximum possible sentence; the applicability of the Sentencing Guidelines; the court's obligation to impose a special assessment; the defendant's right to an attorney; his right to plead not guilty and be tried by a jury with the assistance of counsel; his right to confront and cross-examine witnesses; his right against self-incrimination; and his right to testify, present evidence, and compel the attendance of witnesses. The defendant also must be told that a guilty plea waives any further trial and that his answers at the proceeding may be used against him in a prosecution for perjury. Under Rule 11(b)(2), the court must address the defendant to determine that the plea is voluntary. The court must require disclosure of any plea agreement under Rule 11(c)(2) and determine a factual basis for

the plea under Rule 11(b)(3). The record reflects that the district court conducted the plea colloquy in compliance with Rule 11, and that Jones's guilty plea was knowing and voluntary.

We review departure sentences, "whether inside, just outside, or significantly outside the Guidelines range" under a "deferential abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 591 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). A district court "may reject a sentence within the advisory Guidelines range because 'the case at hand falls outside the "heartland"' to which the individual Guidelines apply or because a sentence within the Guidelines fails to reflect the other § 3553(a) factors or 'because the case warrants a different sentence regardless.'" Evans, 526 F.3d at 161 (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)). The district court is obligated to state in open court the particular reasons supporting its chosen sentence, 18 U.S.C. § 3553(c) (2006), and to "make an individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597.

Jones's sentence is reasonable. The parties do not dispute that the district court properly calculated Jones's guidelines range. However, as the district court stated on the record, the guidelines calculation did not take into account many aspects of Jones's offense conduct, including the extensive

5

injuries he inflicted, the financial and criminal motivation for his actions, and the overall extreme nature of his conduct. The district court adequately stated its reasons for the sentence and did not abuse its discretion.

This court may address on direct appeal a claim that counsel was ineffective only if the ineffectiveness appears conclusively on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). There is no evidence on the face of the record that Jones's counsel was ineffective. Accordingly, we decline to address this claim.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny Jones's motion to relieve counsel. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED